**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES,

   Plaintiff/Respondent,


v.          CIV  NO. 05 - 0314 RB/ACT


FRANCISCO LEON-FLOTA,

   Defendant/Petitioner.


**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION**


   THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus brought

by Petitioner Francisco Leon-Flota pursuant to 28 U.S.C. § 2241. (Doc. No. 1).  District Judge

Robert Brack entered an Order of Reference to the Magistrate Judge to recommend an ultimate

disposition of this case.  (Doc. No. 3). The United States Magistrate Judge, having reviewed the

Petition, the Response of the United States and the attached exhibits, as well as the applicable

statutes, finds that the District Court does not have jurisdiction to rule upon the Petition.  The

Magistrate Judge recommends that the Petition be TRANSFERRED to the Court of Appeals for

the judicial district in which the immigration judge completed the proceedings, in this case the

Court of Appeals for the Ninth Circuit.

<u>PROPOSED FINDINGS</u>

1.  Petitioner is currently incarcerated in a correctional facility in Estancia, New Mexico. He is in the custody of the Bureau of Prisons pursuant to a sentence of twenty-one months imposed in a federal criminal case, CR 04-2162 JB.  He faces deportation upon completion of his sentence.

2.  Petitioner admitted in his criminal proceeding, CR 04-2162,  that in 2004, at the time he committed the criminal act with which he was charged, he was a citizen of Mexico.  He also stated he was born in Mexico.  (United States Exhibit 1, Doc. No. 7).

3.  Petitioner, proceeding *pro se*, is claiming that he is actually a citizen of the United States or is claiming that the United States failed to prove he was an alien.  Either way, he argues that he is not subject to deportation.  He presents some facts to support his argument including his long residence in the United States, his marriage, his working history and his financial history.  He states that he has two children who have lived in the United States all their lives.   He also states that he has a green card and a social security number.  Petitioner does not raise any other claims.

4.  Petitioner's citizenship status was determined originally by the Bureau of Immigration and Customs Enforcement in Tucson, Arizona in 1973, at which time he was determined to be a citizen of Mexico.  The current Petition is seeking a review of that determination, renewed in 2004 in the context of his criminal proceeding.

5.  Petitions for review of one's citizenship status are governed by 8 U.S.C. § 1252(b)(2). "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  The recent amendments to this statute enacted in the REAL ID Act of 2005 (P.L. 109-13, 119 Stat. 231) reinforce this jurisdictional provision.

"Not withstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."  119 Stat. 231 at 310-11; codified as 28 U.S.C. § 1252 (a)(5).

6.   Petitioner was first ordered deported in 1973 by the Bureau of Immigration and Customs Enforcement in Tucson, Arizona.  While Petitioner has been ordered deported six additional times, in 1983, 1989, 1990, 1992, 1999 and 2003, all these subsequent removal orders are reinstatements of the original 1973 order.  Therefore, the Court of Appeals for the Ninth Circuit would be the appropriate court of appeals to which this Court should transfer this Petition.

7.   Under 28 U.S.C. § 1631 a civil action may be transferred from a court lacking jurisdiction to the court that properly has jurisdiction over the action.  In an immigration case a transfer is authorized to a court of appeals if: 1) the court of appeals would have been able to exercise jurisdiction on the date the case was filed in the district court; 2) the district court lacked jurisdiction over the case; and 3) the transfer is in the best interests of justice.  28 U.S.C. § 1631; *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001) citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1046 (9th Cir. 2001).  The REAL ID Act of 2005 reinforces this procedure by directing the district court to transfer pending cases to the court of appeals for the circuit "in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. § 1252) ...".  119 Stat. 231 at 311.

CONCLUSION

The Magistrate Judge recommends that this case be TRANSFERRED to the Court of Appeals for the Ninth Circuit.


NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE